1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAMIEN LASHON HALL,                      No.  2:23-cv-0741 DB P

12                 Plaintiff,

13        v.                                  ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   CALIFORNIA MEDICAL FACILITY, et
     al.,

15
                  Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

19   U.S.C. § 1983.  Plaintiff claims that inmates at the California Health Facility sexually assaulted

20   his fiancée, a correctional officer.  Presently before the court is plaintiff's motion to proceed in

21   forma pauperis (ECF No. 2) and his complaint (ECF No. 1) for screening.  For the reasons set

22   forth below, the undersigned will recommend that the complaint be dismissed without leave to

23   amend and that the motion to proceed in forma pauperis be denied as moot.

24                                     SCREENING

25   I.       Legal Standards

26        The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

                                            1

1   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3   U.S.C. § 1915A(b)(1) & (2).

4          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

10  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

11  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14         However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550

17  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21         The Civil Rights Act under which this action was filed provides as follows:

22             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
23             of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
24             or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1     meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2     omits to perform an act which he is legally required to do that causes the deprivation of which

3     complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

5     their employees under a theory of respondeat superior and, therefore, when a named defendant

6     holds a supervisorial position, the causal link between him and the claimed constitutional

7     violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

8     Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

9     concerning the involvement of official personnel in civil rights violations are not sufficient. See

10    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11       **II.**      **Allegations in the Complaint**

12         Plaintiff brings this action on behalf of himself and his fiancée, whom he identifies as a

13    correctional officer. (ECF No. 1 at 1, 12.) He names California Medical Facility ("CMF"), San

14    Quentin State Prison ("SQ"), and Mule Creek State Prison ("MCSP") as defendants. (Id. at 12.)

15    The complaint alleges that his fiancée was raped at CMF "by inmates from East Oakland gangs

16    and Lancaster gangs." (Id. at 3.) In lieu of factual allegations, it instructs the court to "check

17    grievance/ISU records."[1] (Id. at 1.) Plaintiff seeks $2,840,000 in damages. (Id. at 1, 9.)

18       **III.**     **Does Plaintiff State a Claim under § 1983?**

19         Examination of the complaint and the court's docket reveals that the complaint in this

20    action contains allegations nearly identical to, and therefore duplicative of, pleadings filed in Hall

21    v. Gary, 2:23-cv-0680 (E.D. Cal.). In that case, the court dismissed the first amended complaint

22    for failure to state a cognizable claim and granted plaintiff thirty days to file an amended

23    complaint. (2:23-cv-0680, ECF No. 7.) To date, plaintiff has not filed a second amended

24    complaint in that action.

25         "A complaint 'that merely repeats pending or previously litigated claims'" is subject to

26    dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995)

27    (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising

28    ──────────────
[1] Plaintiff did not file any additional documents with the complaint.

3

from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688.  "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  Id. at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Id. at 688 (internal quotation marks and citations omitted).

In Hall v. Gary, plaintiff's first amended complaint alleged that two CMF inmates affiliated with "the east Oakland and Lancaster gangs of California" raped his fiancée, a correctional officer.  (2:23-cv-0680, ECF No. 4 at 3.)  It named the wardens of CMF, SQ, and MCSP as defendants.  (Id. at 2.)  Plaintiff sought $2,840,000 in damages.  (Id.)  The court dismissed the first amended complaint with leave to amend because it failed to state a cognizable claim.  (ECF No. 7.)

For these reasons, the court finds that this action is duplicative of Hall v. Gary, 2:23-cv-0680 (E.D. Cal.)  Accordingly, the complaint (ECF No. 1) should be dismissed.

**LEAVE TO AMEND**

For the reasons stated above, the complaint should be dismissed without leave to amend. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

4

be freely given, the court does not have to allow futile amendments).  Here, given that plaintiff's allegations are duplicative of allegations he made in another pending action, the undersigned finds that granting leave to amend would be futile.

## IN FORMA PAUPERIS

As stated above, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 along with the complaint.  (ECF No. 2.)  However, because the undersigned recommends dismissal of this action without leave to amend, it is recommended that plaintiff's request to proceed in forma pauperis be denied as moot.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS RECOMMENDED that:

1.  The complaint (ECF No. 1) be dismissed without leave to amend; and

2.  The motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

These findings and recommendations are submitted to the United States Magistrate Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2023

DB:15
DB/DB Prisoner Inbox/Civil Rights/S/hall0741.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5